# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLARENCE GIVENS,**

    **Petitioner,**

    **v.**                                                                                 **Case No. 12-CV-127**

**JEFFREY PUGH,**

    **Respondent.**

## DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION

On February 6, 2012, petitioner Clarence Givens ("Givens") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is confined at the Stanley Correctional Institution in the custody of the respondent, Jeffrey Pugh ("respondent"). In 1996, Givens was convicted for four drug offenses, which consisted of one count of manufacturing/delivery of cocaine in violation of Wis. Stat. § 161.41(1)(cm)1 and three counts of manufacturing/delivery of heroin in violation of Wis. Stat. § 161.41(1)(d)1. (Resp. Br. Supp. Mot. to Dismiss at 2, Ex. A; Docket # 12, 12-1.) Givens was sentenced to 110 years of incarceration. (*Id.*)

In his habeas petition, Givens raises five challenges to his drug convictions, but they can be summed up in two general grounds: grounds one and three: (1) Givens was denied due process under the Fourteenth Amendment because the criminal complaint he was served with was not signed by the district attorney and complaining witness and grounds two, four, and five: (2) he was denied effective assistance of postconviction counsel when postconviction counsel failed to argue Givens was denied effective assistance of trial counsel. (Habeas Petition at 2-5, Docket # 1.)

This Court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed March 21, 2012, this Court dismissed grounds one and three of Givens' petition on the grounds that claimed deficiencies in a state criminal complaint are generally not cognizable in a federal habeas proceeding unless the deficiency is so great that it violates due process and Wisconsin law does not require that a defendant receive a signed copy of the criminal complaint. (Rule 4 Order at 3, Docket # 4.) However, regarding grounds two, four, and five, the ineffective assistance of counsel claims, this Court determined that it was not clear from the face of the petition whether Givens exhausted his state remedies; thus, the respondent was ordered to serve and file an answer, motion, or other response to grounds two, four, and five of the petition. (*Id.* at 6.)

On April 2, 2012, Givens filed a motion for reconsideration of the dismissal of grounds one and three. (Docket # 5.) On April 5, 2012, this Court ordered the respondent to file a response to Givens' motion for reconsideration. (Docket # 7.) The respondent has filed a motion to dismiss Givens' habeas petition on the grounds the petition is a second or successive habeas petition and thus this Court lacks subject-matter jurisdiction to hear Givens' petition. (*Id.*)

The parties have briefed the motion to dismiss and the motion is ready for disposition. For the reasons stated below, the respondent's motion to dismiss will be granted and the petition for writ of habeas corpus will be dismissed.

**FACTUAL BACKGROUND**

On February 6, 2012, Givens filed his petition for a writ of habeas corpus in the present action. (Docket # 1.) In this petition, Givens challenges his custody under his 1996 convictions and sentence in Kenosha County Case Number 96-CF-298. (Docket # 1 at 1.) On October 29, 2010, Givens filed a prior petition for a writ of habeas corpus in the Western District of Wisconsin, Case

No. 10-CV-657. (Docket # 12-3.) In the 2010 petition, Givens challenged his custody under the same 1996 convictions and sentence in Kenosha County Case Number 96-CF-298. (*Id.*) Givens' 2010 habeas petition was dismissed with prejudice by Judge William M. Conley on January 19, 2011 on the grounds that Givens did not timely file his habeas petition within the one year statute of limitations for habeas petitions set forth in 28 U.S.C. § 2244(d)(1)(A). (Docket # 12-4.) Judge Conley further denied Givens a certificate of appealability. (*Id.*)

In his response to respondent's motion to dismiss, Givens admits he filed a previous habeas petition in the Western District of Wisconsin. (Pet.'s Resp. Br. at 1, Docket # 14.) However, Givens argues that he "is presently located in the The Western District" and he is alleging his state court conviction is void due to lack of subject matter jurisdiction and "there is no statute of limitations to challenge a void judgment." (*Id.*)

## ANALYSIS

A habeas petitioner seeking relief under 28 U.S.C. § 2254 is entitled to "one 'full and fair opportunity to raise a [federal] collateral attack'" on his conviction and sentence. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (quoting *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)). Thus, pursuant to 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Further, "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts." *Altman*, 337 F.3d at 766.

Not every petition counts for purposes of § 2244(b). For example, previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district or failing to pay the filing fee, are not counted. *Id.* However, a petition that is resolved in a way that satisfies the

petitioner's one "full and fair opportunity to raise a federal collateral attack" does count for purposes of determining whether a habeas petition is successive because the petitioner is "incapable of curing the defect underlying the district court's judgment." *Id.* In *Altman*, the habeas petitioner sought permission from the Seventh Circuit Court of Appeals to authorize the district court to consider a successive petition under § 2254. The petitioner's previous habeas petition was dismissed as untimely because it was filed after the one year statute of limitations period for bringing habeas corpus petitions had expired. The court of appeals held:

> [Petitioner] filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. [Petitioner] can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner. His prior petition therefore counts and he needs this court's permission to file another petition.

*Id.*

As the Seventh Circuit stated in *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996), a district court "has no option other than to deny" a successive petition. "From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id.*

Givens filed a previous habeas petition in the Western District of Wisconsin. In this previous petition, grounds six, seven, eight, nine, and ten are nearly identical to grounds one, two, three, four, and five of the current petition before this Court. (Docket # 12-3 at 4-8; Docket # 1 at 2-5.) Givens admits he filed a previous habeas petition in the Western District of Wisconsin; however, he argues that he "is presently located in The Western District." (Docket # 14 at 3.) The Court will assume that Givens is arguing that his current petition has been filed in the Eastern District of Wisconsin. Section

2244 does not grant permission to file successive habeas petitions if the habeas petitioner files in a different court than where the earlier petition was filed. As such, pursuant to 28 U.S.C. § 2244(b)(1), the Court must dismiss this successive petition.

Givens further argues that he is alleging his state court conviction is void due to lack of subject matter jurisdiction and "there is no statute of limitations to challenge a void judgment." (Docket # 14 at 3.) Givens is incorrect. Under 28 U.S.C. § 2244(d)(1)(A), a habeas petitioner has one year from the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review, in which to file a habeas petition. Judge Conley found Givens did not timely file his habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(A). Thus, as in *Altman*, Givens' previous habeas petition was dismissed on statute of limitations grounds. As such, this previous petition "counts" for purposes of determining whether the current petition is a successive petition and Givens is required to seek permission from the Seventh Circuit Court of Appeals prior to filing another habeas petition in the district court. 28 U.S.C. § 2244(b)(3)(A).[1]

The Court concludes that Givens' habeas petition is an unauthorized successive petition. He has not shown that he has sought permission from the Seventh Circuit to pursue a successive petition. Therefore, this Court does not have jurisdiction over his habeas petition and it must be dismissed.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of

---

[1] Givens is invited to review the procedures set forth in 28 U.S.C. § 2244(b) for the filing of successive petitions. Additionally, Givens is directed to Circuit Rule 22.2 for the United States Court of Appeals for the Seventh Circuit, entitled "Successive Petitions for Collateral Review."

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Givens' habeas petition, none of Givens' claims warrant a certificate of appealability. Whether Givens' present petition is a second or successive petition is a straightforward issue, and this Court does not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the Court will deny Givens a certificate of appealability.

Of course, Givens retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss the petition for writ of habeas corpus for lack of jurisdiction (Docket # 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that Givens' motion to reconsider Rule 4 Order (Docket # 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Givens' petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of June, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge