UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CLARENCE GIVENS,**

    **Petitioner,**

    **v.**      Case No. 12-CV-127

**JEFFREY PUGH,**

    **Respondent.**

**DECISION AND ORDER ON PETITIONER'S MOTION FOR
RELIEF FROM JUDGMENT**

On June 5, 2012, this Court dismissed petitioner, Clarence Givens' ("Givens"), petition for a writ of habeas corpus on the grounds that Givens' habeas petition was an unauthorized successive petition and Givens had not shown that he sought permission from the Seventh Circuit to pursue a successive petition. Givens has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6). However, the brief Givens submitted in support of this motion is virtually identical to the brief he filed in opposition to the respondent, Jeffrey Pugh's ("respondent"), Motion to Dismiss, raising the exact same arguments as he raised in his opposition brief. (Docket # 14 and #18.)

Givens has asked this Court to reconsider the dismissal of his habeas corpus petition under Fed. R. Civ. P. 60(b)(4) and (6), arguing once again that his state court conviction is void due to lack of subject matter jurisdiction and that there is no statute of limitations to challenge a void judgment. Rule 60(b)(4) is "a rule of civil procedure" and is not available to "challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 Fed. Appx. 763, 766 n. 1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal

judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* Relief under Rule 60(b)(6), the "catchall" provision, requires a showing of "extraordinary circumstances justifying the reopening of a final judgment and [s]uch circumstances will rarely occur in the habeas context." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (internal quotation and citation omitted).

A Rule 60(b) motion brought in a habeas proceeding must call into question a defect in the habeas proceeding itself and not the constitutionality of the state court conviction. *See Sanders v. McCaughtry*, 333 F. Supp. 2d 797, 799 (E.D. Wis. 2004). Otherwise, the Rule 60(b) motion is merely an "attempt to circumvent AEDPA's restrictions on second or successive petitions." *See id.*

Givens' motion does nothing more than again challenge his state court conviction on the same grounds as those he argued in his opposition to the respondent's motion to dismiss. This Court determined Givens' petition was an unauthorized successive petition and advised Givens that he was invited to review the procedures set forth in 28 U.S.C. § 2244(b) for the filing of successive petitions and directed Givens to Circuit Rule 22.2 for the United States Court of Appeals for the Seventh Circuit, entitled "Successive Petitions for Collateral Review." (Docket # 16 at 5 n.1.) This Court once again directs Givens to the appropriate rules and attaches a copy of Circuit Rule 22.2 to this decision.

Rule 60(b) is not to be used to avoid seeking the requisite permission from the Seventh Circuit to file a successive petition. *See Benefiel v. Davis*, 403 F.3d 825, 826-27 (7th Cir. 2005). If Givens wishes to file a successive petition, he must first obtain permission from the Seventh Circuit Court of Appeals. As such, Givens' motion for relief from judgment is denied.

- 2 -

Case 2:12-cv-00127-NJ   Filed 07/30/12   Page 2 of 4   Document 19

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for relief from judgment (Docket # 18) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of July, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of

constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.